# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## COOKEVILLE DIVISION

| | | |
|---|---|---|
| **KIM MARIE DAVIDSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 2:16-cv-00102** |
| | ) | **CHIEF JUDGE CRENSHAW** |
| **COMMISSIONER OF SOCIAL** | ) | |
| **SECURITY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is a Report and Recommendation from the Magistrate Judge, recommending that the final decision of the Commissioner be affirmed. (Doc. No. 16.) Plaintiff filed a timely objection, arguing that the appointment of the Administrative Law Judge for the Social Security Administration that heard Plaintiff's case violated the appointments clause of the United States Constitution. (Doc. No. 17.) For the following reasons, the objection is overruled, and the Report and Recommendation is adopted.

Article II, Section II, clause 2 of the Constitution "lays out the permissible methods of appointing 'Officers of the United States,' a class of government officials distinct from mere employees." Lucia v. S.E.C., 138 S. Ct. 2044, 2049 (2018) (citing reference omitted). Officers of the United States "must be appointed by the President, a 'Court[ ] of Law,' or a 'Head[ ] of Department[ ]." Jones Bros., Inc. v. Sec'y of Labor, 898 F.3d 669, 676 (6th Cir. 2018) (citing U.S. Const. art. II, § 2, cl. 2). If someone "makes a timely challenge to the constitutional validity of the appointment of an officer who adjudicates his case," that person is entitled to a new administrative

"'hearing before a properly appointed' official." Id. at 2055 (quoting Ryder v. United States, 515 U.S. 177, 182-83 (1995)).

The issue before the Court is very narrow because the Commissioner conceded, for the purposes of this case, that the appointment of Social Security Administrative Law Judges is subject to the appointments clause and that the Administrative Law Judge that decided Plaintiff's claim was not properly appointed. (Doc. No. 20 at 2 n.1). The Commissioner instead argues that Plaintiff's challenge to the Administrative Law Judge's appointment was not timely because it was not raised at the administrative level. (Doc. No. 20.) The question of whether a plaintiff must raise a constitutional challenge at the administrative level in order to be timely turns on whether the challenge is an "as applied" or "facial" challenge. Jones Bros., 898 F.3d at 676. Courts "generally expect parties . . . to raise their as-applied or constitutional-avoidance challenges" at the administrative level and "hold them responsible for failing to do so." Id.

A determination of whether a statute is "as applied" or "facial" hinges on the language of the statute allowing for the appointment of the Administrative Law Judges. Id. at 676. For example, the Mine Act gives the power to appoint Administrative Law Judges to the "[t]he Commission . . . as it deems necessary to carry out the functions of the Commission." Id. (citing 30 U.S.C. § 823(b)(2)). This could be implemented in a constitutional manner, for example, if the Commission acted directly in appointing the Administrative Law Judge. Id. (citing Lucia, 138 S. Ct. at 2050). Therefore, the Sixth Circuit held it was an "as applied" challenge. Id. at 677. If, instead, the statute required the Chief Administrative Law Judge to appoint Administrative Law Judges, which was the practice of the Mining Commission, there would be no constitutional way to implement the statute and the challenge would be facial. Id.

Here, the Commissioner of Social Security is permitted to "assign duties, and delegate, or authorize successive redelgations of, authority to act and to render decisions, to such officers and employees of the Administration as the Commissioner may find necessary." 42 U.S.C. § 902(a)(7). The Social Security Administration may "appoint as many administrative law judges as are necessary for proceedings required to be conducted . . . ." 5 U.S.C. § 3105. The Social Security Administration has not published a regulation or rule that governs how it appoints judges. Lucia, 138 S. Ct. at 2058 (Thomas, J., concurring).

These statutes certainly could be applied in a constitutional manner if the Administrative Law Judges were appointed by a "Head of Department." Jones Bros., Inc., 898 F.3d at 676 (citing Lucia, 138 S. Ct. at 2050). Instead, the Commissioner conceded for the purposes of this case that the appointment of the Administrative Law Judge that decided Plaintiff's claim violated the appointments clause. Because Plaintiff did not raise her as applied constitutional challenge at the administrative level or argue that she had good cause for her failure to do so, Plaintiff has waived her challenge to the appointment of her Administrative Law Judge.

Accordingly, Plaintiff's Objection (Doc. No. 17) is **OVERRULED**. The Report and Recommendation (Doc. No. 16) is **ADOPTED**. Plaintiff's Motion for Judgment on the Record (Doc. No. 13) is **DENIED**, and the final decision of the Commissioner is **AFFIRMED**. The Clerk shall enter judgment in accordance with Federal Rule of Civil Procedure 58.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE